1

2

3

4

5

6 **UNITED STATES DISTRICT COURT**

7 EASTERN DISTRICT OF CALIFORNIA

8

9 TANYA L. LAWRENCE,                                   CASE NO. 1:09-CV-01936-DLB PC

            Plaintiff,                               ORDER DISMISSING COMPLAINT FOR
10                                                   FAILURE TO STATE A CLAIM WITH
       v.                                            LEAVE TO FILE AMENDED COMPLAINT
11                                                   WITHIN THIRTY DAYS
   DR. BERRY, et al.,
12                                                   (DOC. 1)
            Defendants.
13
                                              /
14

15

                            **Screening Order**
16

17 **I.    Background**

18      Plaintiff Tanya L. Lawrence ("Plaintiff") is a prisoner in the custody of the California

19 Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in

   forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this
20
   action by filing her complaint on November 4, 2009.  (Doc. 1.)  On October 28, 2010, the matter
21
   was reassigned to the undersigned.
22
        The Court is required to screen complaints brought by prisoners seeking relief against a
23
   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
24
   Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are
25
   legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or
26
   that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.
27
   § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been
28
                                              1

1   paid, the court shall dismiss the case at any time if the court determines that . . . the action or

2   appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. §

3   1915(e)(2)(B)(ii).

4        A complaint must contain "a short and plain statement of the claim showing that the

5   pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

6   required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

7   conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing

8   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual

9   matter, accepted as true, to 'state a claim that is plausible on its face.'"  *Id.* (quoting *Twombly*,

10  550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*

11  **II.    Summary Of Complaint**

12       Plaintiff is currently incarcerated at California Correctional Women's Facility ("CCWF")

13  in Chowchilla, California.  Plaintiff names as Defendants: dentist Berry, CDO Dr. Charles Lee,

14  Dr. Mauricio, DDS, Dr. Nazareno, Dr. Baker, dental hygienist Lavern Blanchard, and the dental

15  department.

16       Plaintiff alleges the following.  She reported a problem with tooth #7 to Defendant Berry

17  on September 18, 2001.  This went untreated.  Plaintiff also had numerous complaints and

18  improper treatment from Defendants Mauricio and Nazareno, under the authority of Defendant

19  Charles Lee.  Defendant Lee berated Plaintiff with taunts of sending Plaintiff for a psych

20  evaluation for imagining the pain, and to stop wasting staff's time.  A root canal was performed

21  and failed on September 18, 2003.  An apicoectomy was granted on December 2004 and

22  performed in 2006.  Defendant Blanchard constantly persuaded to have Plaintiff's tooth extracted

23  instead of appropriate treatment.  On March 12, 2008, Plaintiff was diagnosed with trigeminal

24  neuralgia, a result of the deliberate indifference and negligence of the dental department.

25       Plaintiff requests as relief coverage for her future medical expenses, and compensatory

26  and punitive damages.

27  ///

28  ///

2

1   **III.**   <u>**Analysis**</u>

2      **A.**      **Eighth Amendment**

3      The Eighth Amendment prohibits cruel and unusual punishment.  "The Constitution does

4   not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and

5   citation omitted).   A prisoner's claim of inadequate medical care does not rise to the level of an

6   Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal

7   civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate

8   indifference in doing so.'"  *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting

9   *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  The deliberate

10  indifference standard involves an objective and a subjective prong.  First, the alleged deprivation

11  must be, in objective terms, "sufficiently serious . . . ."  *Farmer*, 511 U.S. at 834 (citing *Wilson v.*

12  *Seiter*, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know[] of and disregard[]

13  an excessive risk to inmate health or safety . . . ."  *Id.* at 837.

14      "Deliberate indifference is a high legal standard."  *Toguchi*, 391 F.3d at 1060.  "Under

15  this standard, the prison official must not only 'be aware of the facts from which the inference

16  could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the

17  inference.'"  *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837).  "'If a prison official should have

18  been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no

19  matter how severe the risk.'"  *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175,

20  1188 (9th Cir. 2002)).

21      Plaintiff's allegations against Defendants Mauricio and Nazareno do not state a claim for

22  relief.  Plaintiff alleges complaints and improper treatment, which is not sufficient to support a

23  claim that Defendants knew of and disregarded an excessive risk to Plaintiff's health.

24      Plaintiff's allegations against Defendant Berry for non-treatment of an alleged tooth issue,

25  without more, fails to state a claim.  Plaintiff fails to allege that Defendant Berry knew of and

26  disregarded an excessive risk to Plaintiff's health.

27      Plaintiff's allegations against Defendant Blanchard do not state a claim for relief.

28  Plaintiff alleges improper treatment by Defendant Blanchard in recommending removal of

3

1  Plaintiff's tooth.  Improper treatment is not sufficient to state a claim.  *See Toguchi*, 391 F.3d at

2  1057 ("Mere negligence in diagnosing or treating a medical condition, without more, does not

3  violate a prisoner's Eighth Amendment rights.") (citation omitted).

4        Plaintiff alleges that Defendant Charles Lee taunted and berated Plaintiff by suggesting

5  that Plaintiff receive a psych evaluation and to not waste staff time.  This fails to state a claim.

6  Mere verbal harassment is insufficient to state an Eighth Amendment claim.  *Oltarzewski v.*

7  *Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (citations and internal quotations omitted).

8        Plaintiff also contends that the dental department was deliberately indifferent and

9  negligent, which led to Plaintiff being diagnosed with trigeminal neuralgia.  Plaintiff does not

10 state what trigeminal neuralgia is, or how the dental department caused it.  Plaintiff also fails to

11 state a claim here.  Additionally, the dental department is composed of several individuals and is

12 not a separate entity liable for suit.  General claims of liability are not sufficient to state a claim.

13       **B.       Supervisory Liability**

14       Plaintiff also claims that Defendant Charles Lee is liable because of his supervisory role.

15 The Supreme Court recently emphasized that the term "supervisory liability," loosely and

16 commonly used by both courts and litigants alike, is a misnomer.  *Iqbal*, 129 S. Ct. at 1949.

17 "Government officials may not be held liable for the unconstitutional conduct of their

18 subordinates under a theory of *respondeat superior*."  *Id.* at 1948.  Rather, each government

19 official, regardless of his or her title, is only liable for his or her own misconduct.

20       When the named defendant holds a supervisorial position, the causal link between the

21 defendant and the claimed constitutional violation must be specifically alleged.  *See Fayle v.*

22 *Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir.

23 1978).  To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege

24 some facts indicating that the defendant either: personally participated in the alleged deprivation

25 of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated

26 or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional

27 rights' and is 'the moving force of the constitutional violation.'"  *Hansen v. Black*, 885 F.2d 642,

28 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.

1   1989).

2      Here, Plaintiff fails to allege any facts that indicate Defendant Lee personally participated

3   in a constitutionally violative act, knew of constitutional violations and failed to act to prevent

4   them, or implemented a policy so deficient that the policy is a repudiation of constitutional rights

5   and the moving force of the violation.

6   **IV.   Conclusion And Order**

7      Plaintiff fails to state any cognizable claims against any Defendants.  The Court will

8   provide Plaintiff with an opportunity to file an amended complaint curing the deficiencies

9   identified by the Court in this order.  *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

10  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended

11  complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

12     If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ.

13  P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's

14  constitutional or other federal rights.  *Iqbal*, 129 S. Ct. at 1949.   Although accepted as true, the

15  "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . .

16  ."  *Twombly*, 550 U.S. at 555.

17     Finally, Plaintiff is advised that an amended complaint supersedes the original complaint,

18  *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567

19  (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded

20  pleading," L. R. 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original

21  complaint which are not alleged in an amended complaint are waived."  *King*, 814 F.2d at 567

22  (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*,

23  114 F.3d at 1474.

24     Accordingly, based on the foregoing, it is HEREBY ORDERED that:

25     1.    The Clerk's Office shall send Plaintiff a complaint form;

26     2.    Plaintiff's complaint is dismissed for failure to state a claim, with leave to file an

27           amended complaint within **thirty (30) days** from the date of service of this order;

28           and

1

2      4.      If Plaintiff fails to comply with this order, the Court will recommend dismissal of

3              this action for failure to obey a court order and failure to state a claim.

4

5      IT IS SO ORDERED.

6    **Dated:**   **November 29, 2010**              **/s/ Dennis L. Beck**
                                                    UNITED STATES MAGISTRATE JUDGE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6