# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANYA L. LAWRENCE, | CASE NO. 1:09-CV-01936-DLB PC |
| Plaintiff, | ORDER DISMISSING CERTAIN CLAIMS AND DEFENDANTS |
| v. | (DOC. 10) |
| DR. BERRY, et al., | |
| Defendants. | |

**Screening Order**

**I.   Background**

Plaintiff Tanya L. Lawrence ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing her complaint on November 4, 2009. (Doc. 1.) On October 28, 2010, the matter was reassigned to the undersigned. On November 30, 2010, the Court dismissed the complaint for failure to state a claim, with leave to amend. On March 28, 2011, Plaintiff filed her first amended complaint. Doc. 10.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been

paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.    Summary Of Amended Complaint

Plaintiff is currently incarcerated at California Correctional Women's Facility ("CCWF") in Chowchilla, California. Plaintiff names as Defendants: Dr. Berry, formerly employed at CCWF as a dentist; Dr. Charles Lee, former chief dental officer at CCWF; Dr. Mauricio, dentist at CCWF; and Laverne Blanchard, dental hygienist at CCWF.

Plaintiff alleges the following. On September 18, 2011, Plaintiff informed Defendant Berry of sensitivity in tooth No. 7. Defendant Berry took an x-ray of the tooth, but did no further treatment. Defendant Berry failed to include this tooth in his treatment plan on September 24, 2001, though he acknowledged an issue with the tooth. Defendant Berry was also aware of the severity of neglecting any signs of acute, significant, debilitating pain due to obvious or suspected oral infection. Plaintiff's tooth No. 7 had been previously classified as Class 3 on April 19, 2011. Class 3 is an oral condition that, if not treated, would result in acute dental problems within twelve months after such classification.

Defendant Mauricio also saw Plaintiff on occasion between January 9, 2002 and September 18, 2003. Plaintiff would complain of tooth No. 7. Defendant Mauricio recommended extraction, which Plaintiff declined, requesting a root canal. Defendant Blanchard would also recommend to Defendant Mauricio and Plaintiff that Plaintiff's tooth be extracted.

Defendant Lee was aware of Plaintiff's issues with tooth No. 7, and responded to one of

1   Plaintiff's inmate grievances by stating that he would monitor Plaintiff's treatment to insure that
2   Plaintiff received timely treatment.

3       Plaintiff contends that she did not receive a root canal until September 18, 2003.  Plaintiff
4   complains that she endured pain in her tooth for over two years.  Plaintiff contends that as a
5   result of the delay, she suffered irreversible bone loss and damage to one of her nerves.  Plaintiff
6   was diagnosed with trigeminal neuralgia on March 12, 2008.

7       Plaintiff requests as relief monetary and punitive damages.

8   **III.     Analysis**

9       The Eighth Amendment prohibits cruel and unusual punishment.  "The Constitution does
10  not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and
11  citation omitted).   A prisoner's claim of inadequate medical care does not rise to the level of an
12  Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal
13  civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate
14  indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting
15  *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  The deliberate
16  indifference standard involves an objective and a subjective prong.  First, the alleged deprivation
17  must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v.
18  Seiter*, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know[] of and disregard[]
19  an excessive risk to inmate health or safety . . . ." *Id.* at 837.

20      "Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060.  "Under
21  this standard, the prison official must not only 'be aware of the facts from which the inference
22  could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the
23  inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837).  "'If a prison official should have
24  been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no
25  matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175,
26  1188 (9th Cir. 2002)).

27      At the pleading stage, Plaintiff states a cognizable claim against Defendants Berry and
28  Lee for deliberate indifference to a serious medical need.  Defendants Berry and Lee were aware

of Plaintiff's medical issues with his tooth, and failed to act.  Plaintiff suffered pain for two years.

Plaintiff fails to state a claim against Defendant Mauricio and Blanchard.  Defendants Mauricio and Blanchard proposed an alternative medical treatment.  It appears that Defendants were aware of Plaintiff's issues with tooth No. 7, and recommended extraction as treatment.  This appears to be a difference of opinion between the prisoner and medical professionals regarding appropriate treatment.  Differences of opinion do not rise to the level of deliberate indifference.  *Toguchi*, 391 F.3d at 1058.

## IV. Conclusion And Order

Based on the foregoing, it is HEREBY ORDERED that:

1. This action proceed on Plaintiff's first amended complaint, filed March 28, 2011, against Defendants Berry and Lee for deliberate indifference in violation of the Eighth Amendment; and

2. Plaintiff's claims against Defendants Mauricio and Blanchard are DISMISSED with prejudice for failure to state a claim upon which relief may be granted; and

3. Defendants Mauricio and Blanchard are dismissed from this action.

IT IS SO ORDERED.

Dated:   **July 27, 2011**              /s/ **Dennis L. Beck**
                                                     UNITED STATES MAGISTRATE JUDGE