# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANYA L. LAWRENCE, | CASE NO. 1:09-CV-01936-DLB PC |
| Plaintiff, | ORDER VACATING JULY 28, 2011 SCREENING ORDER |
| v. | (DOC. 11) |
| DR. BERRY, et al., | AMENDED SCREENING ORDER AND ORDER TO SHOW CAUSE |
| Defendants. / | RESPONSE DUE WITHIN THIRTY DAYS |

**Screening Order**

**I.     Background**

Plaintiff Tanya L. Lawrence ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On July 28, 2011, the Court screened Plaintiff's first amended complaint pursuant to 28 U.S.C. § 1915A and found that it stated cognizable claims for relief against Defendants Berry and Lee for deliberate indifference in violation of the Eighth Amendment.

The Court has re-examined Plaintiff's first amended complaint[1] and finds that it may be

---

[1] Any order that adjudicates fewer than all the claims against fewer than all the parties may be revised at any time prior to entry of judgment adjudicating all claims against all parties. Fed. R. Civ. P. 54(b).

1

barred by the applicable statute of limitations.  The Court will vacate its July 28, 2011 order, and issues the following screening order of Plaintiff's amended complaint.

       The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

       A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*

**II.**      **Summary Of Amended Complaint**

       Plaintiff is currently incarcerated at California Correctional Women's Facility ("CCWF") in Chowchilla, California. Plaintiff names as Defendants: Dr. Berry, formerly employed at CCWF as a dentist; Dr. Charles Lee, former chief dental officer at CCWF; Dr. Mauricio, dentist at CCWF; and Laverne Blanchard, dental hygienist at CCWF.

       Plaintiff alleges the following.  On September 18, 2001, Plaintiff informed Defendant Berry of sensitivity in tooth No. 7.  Defendant Berry took an x-ray of the tooth, but did no further treatment.  Defendant Berry failed to include this tooth in his treatment plan on September 24, 2001, though he acknowledged an issue with the tooth.  Defendant Berry was also aware of the severity of neglecting any signs of acute, significant, debilitating pain due to obvious or

1  suspected oral infection.  Plaintiff's tooth No. 7 had been previously classified as Class 3 on
2  April 19, 2001.  Class 3 is an oral condition that, if not treated, would result in acute dental
3  problems within twelve months after such classification.
4        Defendant Mauricio also saw Plaintiff on occasion between January 9, 2002 and
5  September 18, 2003.  Plaintiff would complain of tooth No. 7.  Defendant Mauricio
6  recommended extraction, which Plaintiff declined, requesting a root canal.  Defendant Blanchard
7  would also recommend to Defendant Mauricio and Plaintiff that Plaintiff's tooth be extracted.
8        Defendant Lee was aware of Plaintiff's issues with tooth No. 7, and responded to one of
9  Plaintiff's inmate grievances by stating that he would monitor Plaintiff's treatment to insure that
10 Plaintiff received timely treatment as of September 18, 2002.
11       Plaintiff contends that she did not receive a root canal until September 18, 2003.  Plaintiff
12 complains that she endured pain in her tooth for over two years.  Plaintiff contends that as a
13 result of the delay, she suffered irreversible bone loss and damage to one of her nerves.  Plaintiff
14 was diagnosed with trigeminal neuralgia on March 12, 2008.  Plaintiff requests as relief monetary
15 and punitive damages.

### III. Analysis

#### A. Eighth Amendment

The Eighth Amendment prohibits cruel and unusual punishment.  "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation omitted).   A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'"  *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  The deliberate indifference standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ."  *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ."  *Id.* at 837.

3

1  "Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060. "Under
2  this standard, the prison official must not only 'be aware of the facts from which the inference
3  could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the
4  inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have
5  been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no
6  matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175,
7  1188 (9th Cir. 2002)).

8  At the pleading stage, Plaintiff states a cognizable claim against Defendants Berry and
9  Lee for deliberate indifference to a serious medical need. Defendants Berry and Lee were aware
10 of Plaintiff's medical issues with his tooth, and failed to act. Plaintiff suffered pain for two
11 years.

12 Plaintiff fails to state a claim against Defendant Mauricio and Blanchard. Defendants
13 Mauricio and Blanchard proposed an alternative medical treatment. It appears that Defendants
14 were aware of Plaintiff's issues with tooth No. 7, and recommended extraction as treatment.
15 This appears to be a difference of opinion between the prisoner and medical professionals
16 regarding appropriate treatment. Differences of opinion do not rise to the level of deliberate
17 indifference. *Toguchi*, 391 F.3d at 1058.

18 **B.     Statute of Limitations**

19 Because § 1983 contains no specific statute of limitations, federal courts should borrow
20 state statutes of limitations for personal injury actions in § 1983 suits. *See Wallace v. Kato*, 549
21 U.S. 384, 387 (2007); *Lukovsky v. City of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008).
22 Federal courts should also borrow all applicable provisions for tolling the limitations period
23 found in state law. *Wallace*, 549 U.S. at 387. California's statute of limitations for an action for
24 a personal injury caused by the wrongful or negligent act of another is two years from the date of
25 accrual. Cal. Civ. Proc. Code § 335.1 (2009). California's statute of limitations may be tolled up

26
27
28

4

1  to two years for a prisoner's monetary damage claims. *Id.* § 352.1.[2] Federal law determines
2  when a cause of action accrues and the statute of limitations begins to run for a § 1983 claim.
3  *Lukovsky*, 535 F.3d at 1048. A federal claim accrues when the plaintiff knows or has reason to
4  know of the injury which is the basis of the action. *Id.*

5        Based on Plaintiff's allegations, her claim against Defendant Berry accrued as of
6  September 24, 2001, when Defendant Berry failed to include a treatment plan for Plaintiff's pain
7  in tooth No. 7. Plaintiff thus had up to four years afterwards to file her complaint against
8  Defendant Berry. Based on Plaintiff's allegations, her claim against Defendant Lee accrued, at
9  the latest, as of September 18, 2003, when Plaintiff was finally treated. Plaintiff thus had up to
10 four years afterwards to file her complaint against Defendant Lee. Plaintiff did not initiate this
11 action until November 4, 2009. It appears that Plaintiff's claims against Defendants Lee and
12 Berry are barred by the applicable statute of limitations. Plaintiff will be provided an opportunity
13 to show cause why this action should not be dismissed pursuant to the statute of limitations.
14 Failure to show cause or to otherwise comply with this order will result in dismissal of this
15 action.

16 **IV.   Conclusion And Order**

17       Based on the foregoing, it is HEREBY ORDERED that:

18     1.    The Court's July 28, 2011 Order is VACATED;

19     2.    Plaintiff's claims against Defendants Mauricio and Blanchard are DISMISSED
20         with prejudice for failure to state a claim upon which relief may be granted;

21     3.    Defendants Mauricio and Blanchard are dismissed from this action;

22     4.    Plaintiff is to show cause within thirty (30) days from the date of service of this

---

[2] Prior to January 1, 2003, the limitations period for personal injury actions was one year. Cal. Civ. Proc. Code § 340.3 (2002). If a plaintiff has asserted any claims that were not time barred on the effective date of the change in the limitations period, the plaintiff receives the benefit of the extension. *Miller v. Davis*, 420 F. Supp. 2d 1108, 1110-11 (E. D. Cal. 2006). Because Plaintiff is a state prisoner, the original one year limitations period plus the two year statutory tolling for incarceration results in Plaintiff's allegations from August 1, 2001 onward not being time-barred as of January 1, 2003, when the statute was enlarged an additional year. Plaintiff thus receives the benefit of the extension.

order why her claims against Defendants Berry and Lee for deliberate indifference in violation of the Eighth Amendment should not be dismissed as barred by the statute of limitations; and

5. Failure to comply with this order or to show cause will result in dismissal of this action.

IT IS SO ORDERED.

Dated:   **September 8, 2011**              **/s/ Dennis L. Beck**
                                            UNITED STATES MAGISTRATE JUDGE