# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANYA L. LAWRENCE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>DR. BERRY, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:09-cv-01936-DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(DOC. 22) |

　　　　Plaintiff Tanya L. Lawrence ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation, proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  On November 30, 2011, the Court dismissed Plaintiff's action with prejudice for failure to file within the applicable statute of limitations.  Pending before the Court is Plaintiff's motion for reconsideration, filed December 15, 2011.  Because the motion was filed within twenty-eight days after the issuance of the judgment, the motion is properly construed as pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

> In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

*Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). "Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam) (internal quotation marks omitted). Amending a judgment after its

1

entry remains "an extraordinary remedy which should be used sparingly." *Id.* (internal quotation marks omitted). This Court's Local Rule 230(j) requires a party seeking reconsideration to demonstrate "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion . . . and . . . why the facts or circumstances were not shown at the time of the prior motion."

The Court had screened Plaintiff's complaint and found that it stated only two cognizable claims: against Defendant Berry for actions accruing in September 24, 2001, and against Defendant Lee for actions accruing in September 18, 2003. Plaintiff contends that her claim is part of a continuous violation. Pl.'s Mot. 2-3. Plaintiff alleges that she was diagnosed with trigeminal neuralgia in March 12, 2008. Plaintiff contends that when she exhausted administrative remedies on March 12, 2008, her claim should be timely. *Id.*

The continuing violation theory applies to § 1983 actions. *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001). A continuing violation requires the plaintiff to state facts sufficient "to support a determination that the alleged discriminatory acts are related closely enough to constitute a continuing violation, and that one or more of the acts falls within the limitations period." *Id.* (quoting *DeGrassi v. City of Glendora*, 207 F.3d 636, 645 (9th Cir. 2000)) (internal brackets omitted). However, a "mere continuing impact from past violations is not actionable." *Id.* (quoting *Grimes v. City and County of San Francisco*, 951 F.2d 236, 238-39 (9th Cir. 1991)) (internal quotation marks omitted). Plaintiff only alleges a continuing impact from past violation. The continuing violation theory is inapplicable here.

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion for reconsideration, filed December 15, 2011, is denied.

IT IS SO ORDERED.

Dated:   **April 4, 2012**                    **/s/ Dennis L. Beck**
                                                                    UNITED STATES MAGISTRATE JUDGE